UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY A. KINNETZ REVOCABLE TRUST,<br><br>                     Plaintiff,<br><br>vs.<br><br>BENAIAH HOLDINGS, INC., BENAIAH CAPITAL, LLC, BENAIAH DIGITAL, LP, BENAIAH DIGITAL FIXED INCOME, LP, BENJAMIN PAUL WIENER, individually; JOSHUA DEWITT, individually, and CHRISTOPHER CHARLES HMIELEWSKI, individually,<br><br>                     Defendants. | Case No. 4:25-cv-04134-CCT<br><br>**ORDER GRANTING TIMOTHY A. KINNETZ REVOCABLE TRUST'S MOTION TO APPOINT A RECEIVER** |

The above matter came before the Court on Timothy A. Kinnetz Revocable Trust ("Plaintiff" or the "Trust")'s Expedited Motion to Appoint a Receiver (the "Motion"). Based upon the pleadings, exhibits, and proceedings herein, and the arguments of counsel, the Court ORDERS as follows:

**ORDER**

1.     For the reasons stated on the record at the hearing on August 12, 2025, Plaintiff is entitled to the appointment of a receiver under Federal Rule of Civil Procedure 66 and other applicable law.

2.     The Court has reviewed the facts and information provided to it and has determined that Plaintiff has presented evidence of a potential fraud, that there is imminent danger of further dissipation of assets, and that Benjamin Wiener ("Wiener") engaged in deceptive and misleading statements.

**IT IS HEREBY ORDERED THAT:**

**Appointment of Receiver**

3. The Court has weighed the factors, as outlined in *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993), and finds that evidence sufficiently supports appointment of a receiver over Benaiah Capital, LLC and Benaiah Digital, LP (the "Benaiah Entities"). The Court further finds that Lighthouse Management Group, Inc. (the "Receiver") is qualified to serve as receiver and as an officer of the Court.

4. The Receiver is hereby appointed as general receiver over the Receivership Property (as defined below) wherever situated, for a period commencing on the date of this Order and ending upon termination of such appointment by further Order of this Court.

5. The Receiver shall not be required to post a bond.

**Receivership Property**

6. "Receivership Property" shall consist of: all now-existing and hereafter-acquired tangible and intangible assets of the Benaiah Entities including, without limitation, all of the Benaiah Entities' accounts, accounts receivable, chattel paper (including, without limitation, electronic chattel paper and tangible chattel paper), deposit accounts, documents, equipment, vehicles, general intangibles, contract rights, goods, instruments, inventory, investment property, letter-of-credit rights, letters of credit, patents, patent rights, copyrights, trademarks, trade names, goodwill, royalty rights, franchise rights, license rights, software, payment intangibles, receivables, claims, causes of action and other rights to payment; together with (i) all substitutions and replacements for and products of any of the foregoing; (ii) proceeds of any and all of the foregoing; (iii) in the case of all tangible goods, all accessions; (iv) all accessories, attachments, parts, equipment and repairs now or hereafter attached or affixed to or used in connection with any

tangible goods; (v) all warehouse receipts, bills of lading and other documents of title now or hereafter covering such goods; or (vi) any money, or other assets of the Benaiah Entities.

7. The following assets and matters, owned or in the possession of the Benaiah Entities (collectively, the "Excluded Matters"), however, are specifically excluded from the receivership and shall: (i) remain the sole responsibility of the Benaiah Entities, as applicable, and (ii) do not constitute Receivership Property:

    (a) Toxic and/or hazardous waste material, including the storage, handling, disposal, and/or clean-up of such toxic and/or hazardous waste material; and

    (b) Any pension, profit sharing, 401(k), retirement, health insurance, dental insurance, flexible spending account, or other employee benefit plan.

8. Any party, or the Receiver acting upon its own initiative, may bring a motion before the Court requesting to add to the estate the Excluded Matters, or any other matters or assets not previously made part of the Receivership Property.

**Receiver's Powers and Duties**

9. The Receiver shall have the powers and duties of a receiver under South Dakota law and identified in SDCL Chapter 21-21, including but not limited to SDCL § 21-21-9, which are incorporated herein, as well as those powers reasonably necessary to accomplish the purposes stated herein. In addition to, and not in abrogation of, the powers granted under South Dakota law and identified in SDCL Chapter 21-21, the Receiver shall also have the following powers which, unless otherwise stated, may be exercised without further order of the Court:

    (a) Collect the income and revenues of the Benaiah Entities and take control of the Receivership Property, including, but not limited to, the Benaiah Entities' books and records; and specifically including all accounts (including, for the avoidance of doubt, any investment accounts) maintained by the Benaiah Entities at any financial institution including any bank,

depository institution, investment institution, contractual institution, Virtual Asset Service Provider or cryptocurrency exchange (collectively, "Financial Institutions");

(b) To operate the business of the Benaiah Entities for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate, including but not limited to hiring personnel to act on behalf of the Receivership Property, as appropriate;

(c) Liquidate, operate, and sell the Receivership Property;

(d) Enter into or modify any and all agreements that are necessary or advantageous to the liquidation, operation, or sale of the Receivership Property;

(e) Continue or terminate any contract necessary to the liquidation, operation or sale of the Receivership Property;

(f) Pursue or settle legal actions, claims or arbitrations on behalf of the Benaiah Entities, and in the Benaiah Entities' name;

(g) To pursue any claim or remedy that may be asserted by a creditor of the Benaiah Entities for the benefit of all creditors, including insider preference or piercing the veil claims, and any fraudulent transfer claims; the Receiver shall have standing to bring such claims without further order of the Court;

(h) Pay obligations previously incurred by the Benaiah Entities, but only if deemed necessary by the Receiver for the preservation or enhancement of the Receivership Property;

(i) Apply the Benaiah Entities' endorsement to any check received by the Receiver in the course of its duties and execute in the name of the Benaiah Entities any and all

reports and other documents required to be executed in connection with the performance of the Receiver's obligations hereunder;

(j) Change the locks and/or security codes on all entry/egress points to any property owned, occupied or operated by the Benaiah Entities, and/or provide caretaking and/or security staff to monitor, inspect, and protect any such property, 24 hours a day, 7 days a week, if reasonably necessary to secure the Receivership Property;

(k) Sign any and all documents of conveyance, including titles, necessary to transfer ownership of the Receivership Property;

(l) Hire the Benaiah Entities' personnel, employees or former personnel and/or employees whom the Receiver deems reasonably necessary to assist in the liquidation or sale of the Receivership Property under such terms and conditions as the Receiver deems advisable. The Receiver will not be bound by the Benaiah Entities' employment contracts, collective bargaining agreements, or employment practices, policies or benefits;

(m) Utilize any and all of the Benaiah Entities' existing sales, use, rental, or operating licenses and permits;

(n) To compel any person, including without limitation, the Benaiah Entities and any former or current management of the Benaiah Entities, and any other party, by subpoena pursuant to Rule 45(a) of the Federal Rules of Civil Procedure, to give testimony or to produce and permit inspection and copying of designated books, documents, electronically stored information, or tangible things with respect to Receivership Property or any other matter that may affect the administration of the receivership;

    (o)  To receive and open all mail for and behalf of the Benaiah Entities or the Receivership Property and access and obtain keys for all Post Office boxes for the Benaiah Entities and the Receivership Property;

    (p)  To abandon property in the Receivership Property that the Receiver determines is burdensome to preserve or operate, or not of material value, which abandonment shall be effective upon the filing of a notice of abandonment;

    (q)  To share information with, meet with, and discuss with affected persons, including, without limitation, Plaintiff and any other Financial Institutions and creditors, as the Receiver deems appropriate, all matters relating to the Receivership Property, this receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable; and

    (r)  To retain and employ other professionals, including, but not limited to, legal counsel or other professionals, including but not limited to those with expertise regarding digital assets and cryptocurrency, to assist or represent the Receiver as the Receiver deems appropriate both with respect to the Receiver's role in this action and any other actions the Receiver may initiate or defend in connection herewith. Any such professional shall be compensated at his or her usual hourly rate from the Receivership Property.

  10.  In order to exercise the authority conferred upon it under this Order, the Receiver is hereby vested with the sole standing power and authority (but without the liability of or associated with, or obligation to act) that would or could be wielded by the Chief Executive Officer, Chairman of the Board, general partner, and/or the general manager of the Benaiah Entities, including without limitation the power and authority to: (i) execute documents, instruments, and resolutions in connection with any sale or finance transaction; (ii) have and obtain

access to employee records, reports, communications, and other work product; and (iii) sole authority to commence a case under Title 11 of the United States Code, including without limitation, the authority to sign a petition on behalf of the Benaiah Entities or the Receivership Property or their officers as appropriate for filing.

11. The Receiver shall have no responsibility to administer any pension, profit sharing, 401(k), retirement, health insurance, dental insurance, flexible spending account, or other employee benefit plan.

12. The Receiver shall give notice of the receivership to all creditors and other parties in interest actually known to the Receiver by mail, email, or other means of transmission within 21 days after the time of appointment. The notice of the receivership shall include the date of appointment and the names and addresses of the Benaiah Entities, the Receiver, and the Receiver's attorney, if any.

**Taxes**

13. The Receiver shall be entitled to utilize the tax identification numbers associated with the Benaiah Entities or the Receivership Property to the extent permitted by law, or the Receiver may obtain new tax identification numbers. The Benaiah Entities shall provide the Receiver with all the tax identification numbers utilized in connection with the operation of the Receivership Property.

14. The Receiver is not liable for the payment of federal, state, or other taxes on behalf of the Benaiah Entities – or any or all of the Receivership Property. The responsibility for tax filings and payments lies solely with the officers, directors, governors, and equity holders of the Benaiah Entities.

**Third Party Matters**

15. All civil legal proceedings of any nature, including, but not limited to, arbitration proceedings, foreclosure actions, default proceedings, governmental actions including tax collection, or other actions of any nature involving: (a) the Receiver, in its capacity as Receiver; (b) any of the Receivership Property, wherever located; or (c) the Benaiah Entities are stayed until further order of the Court. This stay applies to all parties in interest, whether public, private, federal or state.

16. This Order may be presented to any person, entity, or governmental agency as evidence of the Receiver's authority under this Order, and any and all third parties shall comply with any request of the Receiver and/or its designee to provide physical and electronic access to the Benaiah Entities' or the Receivership Property's mail, accounts, software, websites, SAS products, hosting sites, cloud storage services and collaboration platforms.

17. Upon request of the Receiver, the Benaiah Entities, the Receivership Property, their officers, directors, agents, employees, or representatives are ordered to direct any person or entity liable for any payments to be paid to the Benaiah Entities and/or Receivership Property to direct said payment to the Receiver. Such direction shall be in writing and approved by the Receiver. Upon receipt of a copy of this Order, any and all third parties who are obligated to pay the Benaiah Entities and/or the Receivership Property any amounts are hereby directed to make such payment directly to the Receiver. Notwithstanding the foregoing, should any third party obligated to make payments to the Benaiah Entities and/or the Receivership Property, direct those payments to the Benaiah Entities and/or the Receivership Property rather than the Receiver, those payments shall be deemed to have been made payable to Receiver and shall be immediately turned over to the Receiver's custody and control by any person or party receiving the same on behalf of Receiver.

18. The Receiver shall not be bound by any contracts, agreements, understandings, or other commitments of the Benaiah Entities or the Receivership Property (or any of their respective directors, equity owners, agents, employees, or other representatives) had, or may have, with third parties, whether oral or written. The Receiver may, by affirmative written ratification executed by the Receiver, agree to become bound to any such contracts, agreements, understandings, or other commitments and may agree to enter into any new or amended contracts, agreements, understandings, or other commitments. Nothing in this Order constitutes or shall be construed to constitute an assumption of any of the leases, contracts, or agreements currently existing with respect to the Receivership Property by the Receiver or a waiver by the Receiver of any default under any such lease, contract, or agreement.

**Receiver's Liability**

19. The Receiver shall not be deemed in any way to be an owner of the Receivership Property. The Receiver shall not be liable for any obligation of the Benaiah Entities which arose prior to or after entry of this Order, including, without limitation, any contingent or unliquidated obligations, nor shall the Receiver be obligated to advance any funds to pay any expense of other liabilities of the Benaiah Entities. Liabilities incurred by the Receiver in its capacity as Receiver pursuant to this Order shall be liabilities of the receivership and not personal liabilities of Receiver or its employees or agents. Further, the Receiver shall be entitled to all defenses and immunities provided under South Dakota law, *Barton v. Barbour*, 104 U.S. 126 (1881), and its progeny and 28 U.S. § 959, for acts or omissions within the scope of the Receiver's appointment.

**Periodic Reports**

20. As appropriate or in connection with any material events, the Receiver shall file with the Court, reports of the Receiver's actions in connection with its management of Receivership Property (the "Periodic Reports"), including but not limited to an inventory of

property of which the Receiver has taken possession and whether any professional has been retained. The Receiver's initial report will be filed within forty-five (45) days of the entry of this Order. The Receiver shall respond promptly to any reasonable request to provide an accounting of expenditures and receipts but shall not be required to provide an accounting more frequently than on a quarterly basis.

**Receiver Fees & Expenses**

21.     Upon appointment, the Receiver shall be paid by Plaintiff an initial retainer of $50,000.00 (the "Retainer"). Without Court approval, the Receiver shall be compensated at the standard hourly rates of staff at Lighthouse Management Group, Inc. In addition to the Receiver's fees, the Receiver shall be reimbursed for its reasonable business and travel expenses associated with the receivership. Use of personal automobiles may be billed at the rate allowed under the Internal Revenue Code. Legal fees, selling costs, appraisal fees, fees for caretaking/security and/or locksmith services, parking, photocopies, and other reasonable expenses shall be reimbursed at the Receiver's cost.

22.     The Receiver's fees and expenses shall be disclosed in the Periodic Reports and are subject to appropriate objections by the Plaintiff or other parties in interest.

23.     As and when the Receiver receives payment or reimbursement, it shall provide a detailed statement of its services and expenses to the Plaintiff and any other parties to this action. Any objections to the Receiver's fees or expenses must be filed with the Court and served on the parties within seven (7) days after receipt of the Receiver's statements, at which point the Court will schedule a hearing on the objection. If no objections are served and filed within the seven-day deadline, the fees and expenses of the Receiver shall be deemed approved by the Court.

24. The approved fees and costs of the Receiver and its attorneys or other professionals employed by the Receiver pursuant to the authority granted to the Receiver under this Order or other applicable law, shall be a first and paramount surcharging lien against the Receivership Property. For the avoidance of doubt, this includes the Retainer and the reimbursement of same to the Plaintiff prior to any distribution to other creditors of the Benaiah Entities.

25. In the event there are insufficient funds to permit the Receiver to perform its duties, the Receiver shall promptly notify the Court and may withdraw as the Receiver. The Receiver is not obligated to advance its own funds to pay for any costs and expenses.

**Claims Process**

26. The Receiver shall make a recommendation to the Court regarding a claims process appropriate to this particular receivership, which may include a recommendation that there be no claims process. The Receiver shall file its recommendation with the Court and deliver it upon all known creditors. If there is no objection within twenty-one (21) days after filing the recommendation, the Court may enter an order adopting the recommendation by the Receiver.

**Cooperation & Parties' Duties**

27. All third parties (including but not limited to Financial Institutions) in possession of assets subject to this Order are hereby ordered to turnover such assets to the Receiver within three (3) business days of receipt of a copy of this Order, which shall include receipt by mail, email, electronic service through filing with the electronic court filing system or personal service.

28. The Benaiah Entities and its agents and representatives, including Wiener and Christopher Hmielewski ("Hmielewski"), shall cooperate with the Receiver. Any failure to assist and cooperate with the Receiver under this Order may result in a finding by the Court that the party is in contempt of this Court. The parties shall immediately upon the execution of this Order:

    (a) Surrender to the Receiver physical possession of the Receivership Property;

    (b)  Deliver to the Receiver all of the Benaiah Entities' assets, records, accounts, and cash, including, without limitation, files, computers, access codes or devices, usernames, passwords, security questions and answers, maintenance files, employee records, insurance records, bonding records, contact information for the applicable insurance agents, contracts, financial books and records, security deposits, credit card receipts, advance payments, accounts, savings accounts, checking accounts, and credit-card merchant accounts, including without limitation all information electronically created, received or stored;

    (c)  Preserve and expressly refrain from destroying any of the Benaiah Entities' documentation, books, records, electronically stored data, and any and all information related to, necessary for, or otherwise utilized in the operation of the Receivership Property;

    (d)  Cooperate and assist the Receiver so as to enable the Receiver to assume and discharge its duties under this Order and applicable law, including without limitation the Receiver's efforts to liquidate, sell or operate the Benaiah Entities' assets and executing any document or instrument necessary to effectuate same;

    (e)  The Benaiah Entities, Wiener and Hmielewski are enjoined from taking, and shall not take, any action which would interfere with the Receiver's duties, including, without limitation, removing, destroying, encumbering or otherwise disposing of the Receivership Property. If the Receivership Property or any part of the Receivership Property is no longer located within or about the Benaiah Entities' premises, the Benaiah Entities and their agents shall immediately disclose to the Receiver the location of the Receivership Property; and

    (f)  Provide the Receiver all keys and other access devices, including passwords, codes, keycards, and any other such access or security devices, relating in any way to

12

the Receivership Property, including offices, storage facilities, warehouses, and/or any property belonging to or in the possession, custody or control of the Receivership Property.

29. The Benaiah Entities, their owners, officers, directors, agents, employees, representatives, and/or any other person, including consultants and advisors, or otherwise acting in concert with or on behalf of the Benaiah Entities (collectively, the "Enjoined Parties") are hereby enjoined from interfering in any way with the conduct of the Receiver's duties and obligations pursuant to this Order and under applicable law with respect to the management, control and operation of the Receivership Property. In addition, the Enjoined Parties shall cooperate with all requests of the Receiver.

30. Without first obtaining leave of this Court, all of: (i) the Enjoined Parties; (ii) creditors of the Benaiah Entities and/or the Receivership Property, and other third parties; and (iii) all others acting on behalf of those identified in sections (i) and (ii) of this paragraph including, without limitation, sheriffs, marshals, other officers, deputies, servants, agents, employees, and attorneys are enjoined from:

(a) Commencing, prosecuting, continuing or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise affecting the Benaiah Entities or any part of the Receivership Property in any forum other than this Court;

(b) Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or exercising control over or interfering with or creating or enforcing a judgment or lien upon any portion of the Receivership Property, wherever situated;

(c)     Attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or otherwise affecting the Receivership Property;

(d)     Doing any act to interfere with the Receiver's taking control, possession, or management of the Receivership Property, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Property;

(e)     Engaging in any act to create, perfect, or enforce any lien against the Receivership Property, unless specifically authorized to by order of this Court;

(f)     Engaging in any act to collect, assess, or recover a claim against the Receivership Property that rose before the appointment of the Receiver; and

(g)     Exercising a set off of any debt owing to the Receivership Property that arose before the appointment of the Receiver against any claim against the Receivership Property; *provided, however,* third parties shall reserve all rights, claims, and defenses with respect to any debts or other obligations allegedly owing to any of the Benaiah Entities or the Receivership Property.

**Termination**

43.     The Receiver shall serve until the entry of an order by this Court terminating the receivership or appointing a substitute receiver. For good cause, the Receiver may file a motion seeking to discharge the Receiver and terminate its obligations under this Order on an expedited basis and with shortened notice to all interested parties. For purposes of this paragraph, good cause for expedited termination shall include, but is not limited to: (a) insufficient funds available for payment of the Receiver's fees and/or expenses; (b) insufficient funds available for payment of insurance or surety bond premiums for insurance or surety bonds to cover Receiver; and/or (c) the unwillingness or inability of the Plaintiff to fund the Receiver's fees.

**Instructions**

44. The Receiver is authorized to seek and obtain instruction, including on an expedited and ex parte basis, from the Court with respect to any matter relating to the Receivership Property, the exercise of the Receiver's powers, or the performance of the Receiver's duties and obligations under this Order or any other order from the Court.

**Non-Cooperation & Sheriff**

45. In the event that the Benaiah Entities, their officers, agents, employees, directors and/or representatives, and/or any third party in custody, possession, or control of Receivership Property that are also in receipt of this Order refuse to comply with the terms of this Order or the exercise of the Receiver's powers and authorization granted hereunder, such party shall be in violation of this Order. Additionally, the Receiver may file correspondence with the Court notifying the Court of non-compliance and seek issuance of an order directing the non-compliant party to appear at a hearing and show cause why they should not be held in contempt of court. The correspondence filed by the Receiver shall identify the applicable provisions of this Order that have been violated and the alleged failure(s) to comply.

46. Upon the Receiver's request, the sheriff in any applicable county or any other applicable law enforcement agency, is ordered to assist the Receiver by any force necessary in carrying out the Receiver's duties, including accompanying the Receiver while the Receiver takes possession of Receivership Property, and upon the Receiver's request shall assist the Receiver in securing the Receivership Property. Upon the Receiver's request, the sheriff or any other law enforcement agency is authorized and shall cause any building or enclosure containing Receivership Property to be broken open to gain access to Receivership Property.

**Services and Utilities**

47. All Financial Institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, material men, service providers, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the accounts concerning Receivership Property, including adding the Receiver as additional insured and loss payee to any insurance policy related to Receivership Property. Utility companies and other providers of utility services, including but not limited to electricity, gas, water, sewage, garbage, television/cable and telephone are directed not to demand additional deposits from Receiver or to discontinue service.

**Other**

48. The Receiver may share information or documentation involving the Benaiah Entities and the Receivership Property with the Plaintiff, its agents and counsel.

49. At its option, the Plaintiff may arrange with the Receiver reasonable access to the Receivership Property for purposes of inspection, inventorying, audit, or appraisal.

50. Upon a written and reasonable request delivered by Plaintiff to the Receiver, the Receiver shall promptly share and disclose to Plaintiff all of the Benaiah Entities' documentation, books, records, electronically stored data, and any and all information related to, necessary for, or otherwise utilized in the operation of the Receivership Property that Plaintiff shall specifically request, in writing, from time to time.

51. This Court shall have and retain exclusive jurisdiction over any disputes related to Receivership Property, the administration of the receivership, or relating to the Receiver, which jurisdiction shall survive termination of the receivership.

52. This Court hereby requests the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in the U.S. or in any foreign jurisdiction to give effect

to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Receiver in any foreign proceeding, or to assist the Receiver and its agents in carrying out the terms of this Order.

53. Without limitation to any other provisions herein, Plaintiff reserves all rights, claims, defenses, and interests with respect to the Receivership Property, the Benaiah Entities, and any agreements with the Benaiah Entities.

54. This Order shall be effective immediately upon its entry for all purposes.

Dated August 15, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE