UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY A. KINNETZ, as Trustee of THE TIMOTHY A. KINNETZ REVOCABLE TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>BENAIAH HOLDINGS, INC.; BENAIAH DIGITAL, LP; BENAIAH DIGITAL FIXED INCOME, LP; BENJAMIN PAUL WIENER, individually; JOSHUA DEWITT, individually; CHRISTOPHER CHARLES HMIELEWSKI, individually; BENAIAH CAPITAL, LLC; BENAIAH ENTERPRISES LLC; BENAIAH MANAGEMENT COMPANY, INC.; RUNWAY FOUR10 LLC; TRIPLE POINT TRADING LLC; RONALD GASCA JR.,<br><br>Defendants. | 4:25-CV-04134-CCT<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND EMERGENCY MOTION TO STAY ORDER GRANTING RECEIVER'S MOTION TO COMPEL OR, IN THE ALTERNATIVE, TO EXTEND COMPLIANCE DEADLINES**<br>**AND**<br>**ORDER GRANTING AND DENYING IN PART MOTION TO MAINTAIN STATUS QUO AND TEMPORARILY STAY EVICTIONS AND ASSET LIQUIDATIONS** |

Defendant Benjamin Paul Wiener filed multiple pro se motions, including a motion for reconsideration and emergency motion to stay order granting Receiver's motion to compel or, in the alternative, to extend compliance deadlines, Docket 175, and an emergency motion to maintain status quo and temporarily stay evictions and asset liquidations, Docket 176.

## BACKGROUND

On December 11, 2025, the Receiver filed an expedited motion to compel, Docket 109, a memorandum in support, Docket 111, and affidavits setting

1

forth Mr. Wiener's failures to turn over Receivership property and cooperate with the Receiver, Dockets 112 and 113. The Court scheduled a hearing on the motion for January 6, 2026. Docket 128. Before the hearing, the Receiver filed a supplemental affidavit detailing Mr. Wiener's additional actions taken to prohibit or prevent the Receiver from gaining access to and control over Receivership property. Docket 129. Also before the hearing, counsel for Mr. Wiener filed an emergency motion to withdraw, Docket 132, and motion to continue the hearing on the motion to compel, Docket 135. The Court informed the parties that the January 6 hearing would address the motions to compel, to withdraw as counsel, and to continue. Docket 138.

At the hearing, the Court did not address the merits of the motion to compel; however, the Court advised Mr. Wiener of his obligations to comply with the Court's orders. After the hearing, the Court entered an order granting (1) the motion to withdraw, (2) the motion for extension of time to file a reply brief to Mr. Kinnetz's response in opposition to the motion to dismiss, and (3) the motion to continue. Docket 141. Mr. Wiener was given until January 27, 2026, to obtain new counsel and to file a reply brief to the opposition to the motion to dismiss. *Id.* at 2.

Mr. Wiener obtained new counsel, Docket 145, and on February 5, 2026, he filed a reply brief, Docket 147, to Mr. Kinnetz's opposition to the motion to dismiss. On February 11, 2026, the Receiver filed a second supplemental affidavit in support of the motion to compel updating the Court on Mr. Wiener's continued failure to cooperate and turn over Receivership property. Docket

151. The Court scheduled a hearing on the motion to compel, Docket 157; however, before the hearing, Mr. Wiener's new counsel filed a motion to withdraw, Docket 155. The Court informed the parties that a hearing would be held on March 3, 2026, to address the motion to compel and Mr. Wiener's legal representation. Docket 160.

Before the hearing, the Receiver filed a third status report with the Court. Docket 163. The report advised interested parties that objections must be filed no later than 14 calendar days after the filing of the report. *Id.* at 20. After the hearing, the Court entered an order granting the Receiver's motion to compel, giving Mr. Wiener until no later than March 13, 2026 by 5:00 p.m. to comply with the directives in the order. Docket 166. The Court also entered an order granting Mr. Wiener's counsel's motion to withdraw. Docket 171.

Thereafter, Mr. Wiener filed the following pro se motions and related matters:

- Objection to Receiver's fee statements and motion, Docket 168.
- Notice regarding concurrent filings, Docket 172.
- Objection to Receiver's third report, Docket 173.
- Notice of table of pending motions, Docket 174
- Motion for reconsideration order and stay on motion to compel, Docket 175.
- Motion to maintain status quo and temporarily stay evictions and asset liquidations, Docket 176.
- Motion for determination of ownership of property, Docket 177.
- Motion for bond reconsideration, Docket 178.
- Motion for appointment of a neutral examiner, Docket 179.
- Motion for attorney fees and living expenses, Docket 180.
- Motion for asset inventory and accounting, Docket 181.
- Motion for clarification of authority, Docket 182.
- Motion to preserve evidence and require forensic imaging, Docket 183.
- Motion to identify legal basis for seizure, Docket 185.

3

- Motion for a hearing on pending motions, Docket 187.

This order addresses only the motions filed at Dockets 175 and 176.

## DISCUSSION

### I. Request to reconsider and stay order on motion to compel

Mr. Wiener requests that the Court reconsider and stay enforcement of its March 5, 2026 order, Docket 166, granting the Receiver's expedited motion to compel Mr. Wiener to turnover Receivership property and cooperate with the Receiver. Docket 175. Mr. Wiener requests that the stay be entered until this Court addresses his objections to the Receiver's third report and his related motions seeking clarification of the Receivership's authority and obligations. *Id.* at 2. He notes that the Court entered its order granting the motion to compel before the expiration of the time to file objections to the Receiver's third report. *Id.* at 3. He also raises a concern that complying with the order will impact his ability to defend himself in this case, his Fifth Amendment rights, and the protections afforded to work product and privileged materials. *Id.* at 4–5. He claims that the potential harm of complying would be irreparable because once disclosures are made, they "cannot be undone." *Id.* at 6.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Deciding whether to grant a stay "calls for exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

4

Here, the circumstances do not warrant granting a stay of the Court's order compelling Mr. Wiener to turnover Receivership property and cooperate with the Receiver. Mr. Wiener has known of his duty to cooperate with the Receiver and to turn over Receivership property since the Court's original receivership order entered on August 15, 2025. Docket 37 ¶ 28. This duty was restated in the Court's expanded receivership order entered on November 10, 2025. Docket 95 ¶ 29. And, finally, Mr. Wiener was reminded of his obligation at the Court's January 2026 hearing.

The Receiver's motion to compel is well supported, and Mr. Wiener did not at the January or March hearings challenge the Receiver's representations about his lack of compliance with this Court's receivership orders. While he now objects to the Receiver's third report and has filed multiple motions related to the receivership, he has not shown a basis on which this Court should reconsider its order granting the motion to compel so that he can continue to evade compliance.

## II.  Request to maintain status quo and temporarily stay evictions and liquidation of assets

Mr. Wiener requests that this Court stay eviction proceedings started by the Receiver against his parents concerning property associated with the Receivership estate and prevent the Receiver from further liquidating, transferring, or selling disputed assets. Docket 176 at 5. He claims that irreparable harm will result if his parents are evicted and the harm cannot realistically be undone. *Id.* at 2. He also asserts that irreversible harm will result from the continued liquidation of disputed assets based on the Receiver

5

liquidating assets at less than market value. *Id.* at 3. He therefore requests that a stay be entered until the Court rules on the pending motion to dismiss and on the motions related to the scope and administration of the receivership. *Id.* at 5.

"[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). Under the circumstances, the Court concludes that a stay to maintain the status quo as it relates to disputed assets and the eviction proceedings is warranted for a limited time, namely at least until a hearing is held on Mr. Wiener's pro se motions related to the receivership or until the Court orders otherwise.

Accordingly, it is hereby

ORDERED that Mr. Wiener's motion to reconsider and stay, Docket 175, is denied. It is further

ORDERED that Mr. Wiener's motion to maintain the status quo, Docket 176, is granted at least until a hearing is held on Mr. Wiener's pro se motions and related filings at Dockets 168, 173, 177–183, 185, and 187, or until the Court orders otherwise. It is further

ORDERED that Mr. Wiener's motion to maintain the status quo, Docket 176, is denied in all other respects.

Dated March 11, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
United States District Judge